**Jasvinder SINGH, Petitioner,**

v.

**Alberto GONZALES, Attorney General,[*] Respondent.**

No. 03–72737.

United States Court of Appeals, Ninth Circuit.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[*] Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

Submitted March 23, 2005.**

Decided April 11, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret Taylor, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Jasvinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), denying his motion to reconsider its denial of his motion to reopen proceedings after Singh was ordered deported in absentia. To the extent we have jurisdiction, it is conferred by former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying as untimely Singh's motion for reconsideration because he failed to file it within thirty days of the BIA's decision. *See* 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision").

We are not persuaded by Singh's contention that his in absentia order of deportation is void because he did not receive a list of pro bono immigration attorneys.

We lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* power to reopen Singh's deportation proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

